IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2012 AUG 14 PM 2:45
CLERK R Clerk
SO. DIST. OF GA.

| | | |
|---|---|---|
| MEGAN HOLMES, Individually and as Administrator of the Estate of Cathy Jo Holmes, | ) ) ) ) | CIVIL ACTION NO.: CV211-111 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| JOSEPH PARKER; UNITED STATES OF AMERICA; and MARGARET'S KEY, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This lawsuit arises out of a recreational boating accident near the jetty at the north end of Jekyll Island, Georgia, wherein Plaintiff's decedent died. Plaintiff alleges that Defendant United States of America ("Defendant") is liable for the wrongful death of her decedent because the United States Coast Guard improperly marked, illuminated, and maintained the jetty. Plaintiff has also sued two other Defendants.

The United States filed a Motion in Limine (Doc. No. 50) to exclude from evidence the opinions of two of Plaintiff's experts from whom expert reports have not been filed. The United States also seeks to exclude from evidence lay witness testimony regarding the design or placement of navigational markings in the vicinity of

the Jekyll Island jetty. Plaintiff filed a Response, and Defendant filed a Reply. The Court rules as follows:

1. **Plaintiff's experts from whom expert reports have not been filed** – An expert witness who is "retained or specially employed to provide expert testimony in the case" must provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). If a party fails to comply with this mandate, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Plaintiff does not dispute that expert reports are required for her experts, Larry E. Credle and James W. Sloan; nor does Plaintiff dispute that she has not provided the necessary expert reports. However, Plaintiff argues that her delay in filing the necessary expert reports is substantially justified. Plaintiff relies on the opinion of the Court of Appeals for the Eleventh Circuit in OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344 (11th Cir. 2008), in support of her position. In Fitel, the Eleventh Circuit decided that a delay in filing an expert report was substantially justified. The court considered five factors in determining whether the delay was in good faith.

First, Fitel timely identified the expert and filed an affidavit from the expert with at least some information about her opinions. By Order dated December 23, 2011, the Court informed the parties in this case that the last day for Plaintiff to serve expert witness reports was February 10, 2012, and that the close of discovery was May 12, 2012. (Doc. No. 27). On February 10, 2012, Plaintiff filed expert witness disclosures, consistent with Federal Rule of Civil Procedure 26(a)(2)(C)(i), even though she did not

2

file the reports mandated by Rule 26(a)(2)(B). (Doc. No. 31). Because Plaintiff timely identified the experts and provided some information, this factor weighs in Plaintiff's favor.

Second, Fitel repeatedly told the defendant that it needed to depose defendant's employees before the expert could complete her report. Third, the Eleventh Circuit considered the fact that defendant itself moved for an extension of discovery in part based on its knowledge that the plaintiff could not provide the expert report without the necessary depositions. It should be noted that those depositions were not done at the time originally scheduled,[1] but had they been, Fitel's expert's report would have been timely filed. Moreover, the depositions Fitel needed were delayed by Fitel in an effort to cooperate with defendant and its employees, the deponents. In her expert witness disclosures, filed on the date the expert reports were due, Plaintiff explained that the disclosures were limited because of her inability, up to that point, to schedule depositions and otherwise complete discovery. (Doc. No. 31, pp. 1–2). However, those limitations were caused by the other two Defendants in this action. (Id.; Doc. No. 53). Plaintiff did not identify any actions of Defendant causing her discovery limitations, and Plaintiff did not identify a need for any depositions of individuals identified by Defendant. (Doc. No. 31, pp. 1–2). It was not until more than three months after her expert reports were due, and 11 days after the close of discovery, that Plaintiff, on May 23, 2012, contacted Defendant in an effort to schedule depositions of "one or more of those individuals identified by [Defendant] in response to discovery and who has knowledge and information [pertinent to Plaintiff's claim]." (Doc. No. 53-1, p. 1). Had Defendant agreed to those depositions, Plaintiff's experts' reports still would not have been timely.

---

[1] They were, however, still completed before the close of discovery.

3

Additionally, there is no evidence tending to show that the delay in Plaintiff's request for those depositions was in any way procured by Defendant or in an effort to accommodate Defendant. Plaintiff offers no reason for the delay in her request for depositions of individuals identified by Defendant, and Plaintiff at no time prior to the close of discovery moved for an extension of the discovery period. Additionally, in Fitel, the Eleventh Circuit commented that there was no element of surprise to the defendant about when the expert report would be filed. Conversely, in the instant case, there is no evidence tending to show that Defendant knew to expect the experts' reports to be filed late until the deadline for filing those reports. Furthermore, in Fitel, the Eleventh Circuit noted that the defendant's motion to exclude expert testimony was the first time the defendant complained of or objected to Fitel's disclosed plan to submit its expert's report after the defendant's employees' depositions were completed. Conversely, Defendant informed Plaintiff on March 23, 2012—two months before Plaintiff belatedly sought to depose individuals identified by Defendant—that Plaintiff had not complied with the Rule 26 expert report requirement and that Defendant would move to strike any late reports. (Doc. No. 50-1). Ultimately, Plaintiff's efforts to meet deadlines, and excuses for not, and Plaintiff's notice to Defendant regarding its inability to meet deadlines are simply not on par with those of the plaintiff in Fitel. Factors two and three weigh in favor of Defendant.

Fourth, in Fitel, the Eleventh Circuit considered that no trial date was set or imminent for the case. Likewise, a trial date has not been set in the instant case, which is favorable to Plaintiff. However, discovery closed in May without a request from

AO 72A
(Rev. 8/82)

Plaintiff for an extension of the discovery period. Plaintiff has failed to be proactive in dealing with deadline issues.

Finally, the court determined that Fitel reasonably needed the depositions of defendant's employees for the expert to complete her report because Fitel did not know all of the facts of the case without those depositions. Plaintiff has failed to state what additional discovery she needs and why she needs that discovery in order for her experts to complete their reports. Without showing an "actual need," Fitel, 549 F.3d at 1365, for this unidentified additional discovery, the Court cannot find that this factor weighs in Plaintiff's favor.

The Court cannot find that Plaintiff has failed to produce her experts' reports because of "a good-faith attempt to accommodate," id., Defendant and individuals identified by Defendant as possible deponents. The Court also cannot find that Plaintiff maintained "a good-faith belief," id., that her plan to provide expert reports months after their due date was productive and acceptable to Defendant. Plaintiff's delay of, to date, over six months is not substantially justified. This portion of Defendant's Motion is **GRANTED**.

2. **Lay witness testimony** – Defendant also moves to exclude "any lay witness testimony regarding the design or placement of navigational markings in the vicinity of the Jekyll Island jetty" because "it is properly the subject matter of expert testimony and not lay testimony." (Doc. No. 50, p. 7). Defendant argues that the "optimal marking and illumination of the nearby aids to navigation is a technical question." (Id.). The Court agrees, to an extent. To the extent that any lay witness intends to testify regarding "proper" navigational markings as determined by, for example, compliance with any

AO 72A
(Rev. 8/82)

regulations for navigational markings or any sort of engineering standard, such testimony would fall within the realm of expert testimony. However, to the extent that any lay witness intends to testify regarding observations he or she made, such testimony is proper. Plaintiff anticipates calling lay witnesses to testify regarding the following: whether the jetty was visible, whether lights in and around the jetty were defective or not working, whether the jetty was visible to boaters navigating Jekyll Creek, whether there were any signs or markings in place at the time of the accident, and whether any signs and/or lights were properly maintained and working. At this time, it does not appear that Plaintiff intends to elicit improper testimony from any lay witnesses. This portion of Defendant's Motion is **DENIED** at this time. Defendant may object to any lay witness testimony it finds objectionable at trial.

**SO ORDERED**, this 14th day of August, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE