# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MEGAN HOLMES, Individually and
As Administrator of the Estate
of Cathy Jo Holmes

Plaintiff,

vs.                                        CV 211-111

MARGARET'S KEY, LLC

Defendant.

## DEFAULT JUDGMENT AGAINST MARGARET'S KEY, LLC

After extensive and repeated notice to Defendant Margaret's Key, LLC and its registered agent Carl M. Drury, III; the Court conducted a hearing on July 10, 2014 to determine default damages. The purpose of this Order is to set forth the damages award Margaret's Key, LLC owes to Plaintiff.

I. PROCEDURAL HISTORY

Plaintiff filed the Complaint on July 8, 2011. (Dkt. No.

1). The Complaint alleges federal and state causes of action against the United States, Joseph Parker, and Margaret's Key, LLC arising from the death of Cathy Jo Holmes.

Margaret's Key, LLC was served with the Complaint, and such service was acknowledged on the record on October 17, 2011. (Dkt. No. 20). Margaret's Key, LLC filed an answer on October 17, 2011 through its attorney, B. Reid Zeh, III. The Answer was verified by Carl M. Drury, III on behalf of Margaret's Key, LLC. (Dkt. No. 21). On November 2, 2011, Zeh filed a Motion to Withdraw as Counsel for Margaret's Key, LLC. (Dkt. No. 22). In the Motion, Zeh avers that the registered agent for Margaret's Key, LLC is "in the process of hiring other counsel." (Id.)

On January 27, 2012, the Plaintiff filed a Motion to Strike Margaret's Key, LLC's Answer for its complete failure to respond to any and all discovery requests. (Dkt. No. 28).

On January 30, 2012, Zeh's Motion to Withdraw was granted. (Dkt. No. 29). Margaret's Key, LLC was Ordered to retain counsel and have counsel file an appearance within 30 days of January 30, 2012. Both Zeh and Drury were given notice of the Order.

Margaret's Key, LLC failed to follow, respond, or object to both the Motion to Strike and the Court's Order to engage counsel. Instead of striking the Answer for the repeated

failures, the Court, by Order dated March 13, 2012, allowed Margaret's Key, LLC another opportunity to comply and warned it that failure to respond to the Motion to Strike would indicate that there is no opposition to the Motion. (Dkt. No. 34). No opposition was filed. As a result, on April 12, 2012, the Magistrate Judge recommended striking the Answer pursuant to Rule 37(d) of the Federal Rules of Civil Procedure because "Margaret's Key, LLC has completely disregarded this Court's instruction subsequent to Zeh's withdrawal and has exhibited an apparent indifference to this litigation." (Dkt. No. 35).

Margaret's Key, LLC did not object to the Magistrate Judge's recommendation. As a result of the consistent pattern of failure - failure to respond to discovery, failure to comply with the Court Orders, failure to oppose striking the Answer - the Court Ordered that Margaret's Key, LLC's Answer be stricken. (Dkt. No. 42).[1] The Entry of Default was signed by the Clerk on June 6, 2012. (Dkt. No. 44).

The case was stayed during Parker's bankruptcy proceedings.

---

[1] There is some indication in the record that Margaret's Key, LLC, through its registered agent, may not only have ignored all Orders of the Court and completely abandoned all attention to a significant case of which it had actual knowledge, but also may have perpetrated a fraud by leading the Clerk of Court to believe that Margaret's Key, LLC had actually become a new entity, Moser Financial. (Dkt. No. 42 at 2). Nevertheless, no party has pressed forward on the fraud issue. While fraud, if proven, might serve as an additional basis for default, there are ample grounds established such that an additional ground is superfluous.

AO 72A
(Rev. 8/82)

3

On April 8, 2014, following the lifting of the bankruptcy stay, a trial notice was sent to all parties including Margaret's Key, LLC. On April 11, 2014, the trial notice sent by the Clerk to the last address for Margaret's Key, LLC given by Margaret's Key, LLC was returned as "undeliverable." Thereafter, on May 20, 2014, the Clerk sent a notice of trial and hearing on damages to Margaret's Key, LLC at every address any party had ever heard of for Margaret's Key, LLC and Carl M. Drury, III. In response, Margaret's Key, LLC did what it has consistently done – nothing.

## II. LEGAL STANDARD

A defendant in default is deemed to admit the plaintiff's well-pleaded allegations of fact, but is not held to admit facts that are not well-pleaded or to admit conclusions of law. S.E.C. v. Wright, 261 F. App'x 259, 261-62 (11th Cir. 2008) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(internal punctuation omitted). Before entering a default judgment for damages, the court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient

basis in the pleadings for the particular relief sought. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). However, since the entry of default does not constitute an admission of conclusions of law, the court is still charged with determining whether the unchallenged facts actually constitute a legitimate cause of action. In considering any default judgment, the court must examine (1) jurisdiction, (2) liability, and (3) damages. See Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). With these considerations in mind, the court evaluates jurisdiction, liability, and damages. This Court has jurisdiction as federal causes of action and supplemental state causes of action are raised.

Liability is properly established as well. Margaret's Key, LLC is a Georgia Limited Liability Company that - at least in July of 2009 - owned an island named Raccoon Key in Glynn County, Georgia. As the owner of the premises, Margaret's Key, LLC hosted a party and provided large quantities of alcohol and drugs to the party goers with knowledge that they would soon be operating a boat on navigable waters.

Joseph Parker and Cathy Holmes both attended the Margaret's Key, LLC party. They left the party in Parker's boat in the early morning hours of July 12, 2009. The boat crashed and

Cathy Holmes died. Although it is unclear who was driving the boat at the time of the crash, Plaintiff has adequately shown that Margaret's Key, LLC is liable for providing excessive alcohol and drugs on its premises and then allowing the party participants to drive off in a boat in the dark of night.

III. Damages

Plaintiff is entitled to damages for the value of Holmes' life pursuant to OCGA § 51-4-2, for physical injuries and conscious pain and suffering, and for attorneys' fees and expenses of litigation pursuant to OCGA § 13-6-11.

Ms. Holmes was fifty (50) years old when she died. Her life expectancy was thirty (30) years. She had a viable title search business, and her profits fluctuated with the economy. She certainly lived life to the fullest. She enjoyed her family, most of all, and she also enjoyed traveling, hiking, kayaking, and many other outdoor activities. The evidence of pain and suffering is not overwhelming, but, given the cause of death, it follows that some pain and suffering did occur.

After considering all the evidence before the Court, it is hereby **ORDERED AND ADJUDGED** that Margaret's Key, LLC is liable to the Plaintiff in the amount of:

- $1,500,000 in damages

    and

- $500,000 in fees and expenses

The Clerk of Court is directed to enter default judgment in favor of Plaintiff and against Margaret's Key, LLC for $2,000,000.

**SO ORDERED**, this 20th day of August, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA